**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1811
_____

RICHARD A. ZAKARIAN,
                    Appellant

v.

D.K. WHITE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00121)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted on Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2021

Before:  MCKEE, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Richard Zakarian, a federal inmate formerly incarcerated at the Federal Correctional Institution in Ashland, Kentucky, appeals from the District Court's judgment denying the petition he filed pursuant to 28 U.S.C. § 2241. We will affirm.

I.

On May 23, 2019, Zakarian received an incident report charging him with threatening another with bodily harm, in violation of Bureau of Prisons Code 203. In the report, Corrections Officer K. Powell alleged that earlier that day, while he was conducting mail pass in his assigned unit, Zakarian entered his office, took an aggressive posture, raised his voice, pointed a finger at him, and stated "Rule number 3. You better respect me if you want me to respect you." Incident Report 1, ECF No. 13, Exh. 1, Attach. B. At that time, C.O. Powell told Zakarian to turn around and put his hands on the wall for a pat search. Instead of doing so, Zakarian clenched his fists and stepped within inches of C.O. Powell's face. C.O. Powell then placed his right hand on Zakarian's left arm, guided him to the wall, and conducted a pat search. Twice during the search, Zakarian dropped his hands and attempted to turn around. C.O. Powell completed the pat search and had Zakarian escorted to the Lieutenant's Office. A medical exam after the incident revealed no injuries. The following day, a unit discipline committee reviewed the incident report and, due to the severity of the charges, referred the matter to a Discipline Hearing Officer (DHO). On May 28, 2020, Zakarian signed a form indicating that he had been notified of his rights at the upcoming hearing.

Zakarian appeared for a hearing before the DHO on June 13, 2019. He waived his rights to staff representation and to call witnesses and declined to submit documentary evidence. Zakarian denied the charges and stated that C.O. Powell falsely accused him of raising his voice and clenching his fists in order to cover up having shoved him. The DHO credited C.O. Powell's account of the incident over Zakarian's and concluded that Zakarian had committed "the prohibited act of conduct disruptive to the orderly running of the institution most like [sic] threatening another person." DHO Report 3, ECF No. 13, Exh.1, Attach. G. The DHO sanctioned Zakarian to twenty-seven days' loss of good-conduct time, fifteen days' disciplinary segregation, and six months' loss of commissary and phone privileges. Zakarian was provided with a written copy of the DHO's decision.

Zakarian filed a § 2241 petition in the District Court claiming that his due process rights were violated during the disciplinary proceedings.[1] The District Court denied the petition and Zakarian appealed. The Government now moves for summary affirmance of the District Court's judgment.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). We may summarily affirm if an appeal fails to present a substantial question. 3d Cir. L.A.R.; I.O.P. 10.6.

---

[1] The Government indicated that Zakarian exhausted his administrative remedies.

III.

Federal prisoners have a liberty interest in statutory good-conduct time. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1); Vega v. United States, 493 F.3d 310, 317 n.4. Thus, an inmate facing the loss of good-conduct time in a disciplinary proceeding must receive the following protections: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 454 (1985). Further, the decision must be supported by "some evidence in the record." Id. at 456.

We agree with the District Court's conclusions and have little to add to its analysis. Zakarian received due process in accordance with Wolff insofar as he was given written notice of the disciplinary charges at least twenty-four hours prior to the hearing; he appeared at the hearing and made a statement refuting the charges; he was given the right to a staff representative and an opportunity to present witnesses and provide documentary evidence; and he was given a written statement explaining the DHO's decision. Although Zakarian asked the District Court to credit his version of the incident over C.O. Powell's, due process does not require "independent assessment of the credibility of witnesses[] or weighing of the evidence." Hill, 472 U.S. at 455. Furthermore, to the extent that Zakarian asserts that witnesses were available to testify on

4

his behalf, the record makes clear that he was notified well before the hearing that he had the right to call witnesses if he chose to. Moreover, the District Court correctly concluded that, contrary to Zakarian's contention, he did not have a constitutional right to take a polygraph test to support his allegations against C.O. Powell.[2] See generally Young v. Kann, 926 F.2d 1396, 1400 (3d Cir. 1991). For these reasons, we agree with the District Court that the evidence was sufficient to support the DHO's conclusion.

IV.

Given that this appeal presents no substantial question, we grant the Government's motion and will affirm the District Court's judgment. See 3d LAR 27.4 and I.O.P. 10.6.

---

[2] The District Court correctly noted that Zakarian's retaliation and harassment claims were not properly raised in a §2241 challenge to the fact or duration of his confinement. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).